B6 Summary (Official Form 6 – Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re IndyMac Bancorp, Inc.,                        CASE NO. 08-21752-BB

Debtor                                                      Chapter 7

## SUMMARY OF SCHEDULES

### *Please note the following Methodology Statement made by the Debtor*

*Statement of Limitations, Methodology and Disclaimer Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs of IndyMac Bancorp, Inc. (the "Debtor")*

This Statement of Limitations, Methodology and Disclaimer Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs of IndyMac Bancorp, Inc. ("IndyMac" or the "Debtor") (the "Methodology Statement") is incorporated by reference in, and comprises an integral part of, the Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"), and should be referred to and reviewed in connection with any review of the Schedules and Statements.

IndyMac is the sole owner of IndyMac Intermediate Holdings, Inc. ("IndyMac Intermediate"), a corporation whose sole purpose is to hold all of the outstanding common stock of IndyMac Bank, F.S.B. (the "Bank"). The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for the Bank on July 11, 2008. As a result of the appointment, the FDIC succeeded to all of IndyMac Intermediate's rights and powers as stockholder, see 12 U.S.C. § 1821(d)(2)(A)(i), although IndyMac Intermediate continues to hold the shares of the stock of the Bank.

All of the books and records of IndyMac were maintained by the Bank (and employees of the Bank) on IndyMac's behalf, pursuant to an intercompany servicing agreement and, since July 11, 2008, the FDIC has been in sole possession, custody and control of all of the books and records of the Bank which include all, or virtually all, of IndyMac's books and records. The employees of the Bank that the Debtor believes have knowledge of the books and records of the Bank include the following: Blair Abernathy, Chief Financial Officer; Scott Keys, former Chief Financial Officer; Francisco Nebot, Treasurer; Greg Sosnovich, Chief Accounting Officer; Jules Vogel, General Counsel; and Christina Ching, Corporate Secretary. With the exception of Mr. Keys, all of the individuals are employed by IndyMac Federal Bank, FSB, and maintain offices at 888 East Walnut Street, Pasadena, CA 91101. Accordingly, the Schedules and Statements have been prepared as required by 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtor with the assistance of outside counsel to IndyMac and the Debtor's sole remaining employee, Michael W. Perry, without access to the books and records of the Debtor. Mr. Perry's responsibilities at the Debtor did not include bookkeeping or accounting matters for the Debtor. In some cases, information contained in the Schedules and Statements was obtained from a review of public filings. The Debtor does not represent that all public filings were examined for information that might be responsive to the requests for information contained in the Schedules and Statements, as a review of all public filings would be prohibitatively expensive, overly burdensome and an inefficient use of the Debtor's assets. Although reasonable effort has been made to ensure that the Schedules and Statements are as accurate and complete as practicable under these unique circumstances, subsequent information or discovery (including, potentially, access to records now in the sole possession, custody and control of the FDIC) may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist because, in addition to such books and records not being available to IndyMac, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment. For all of the foregoing reasons, there can be no assurance that these Schedules and Statements are complete and substantial errors or omissions may exist. The Debtor reserves all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.

Some of the financial information disclosed herein is derived from IndyMac's Form 10-K filed on February 29, 2008 for the year ending December 31, 2007 (the "2007 10-K"). The financial information disclosed herein has not been prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law. Persons or entities trading in or otherwise purchasing, selling or transferring the claims against or equity interests in the Debtor should evaluate this financial information in light of the purposes for which it was prepared. The Debtor is not liable for and undertakes no responsibility to indicate variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtor based on this financial information or any other information.

Despite reasonable efforts to identify all known assets, the Debtor may not have set forth all actual or potential causes of action against third parties as assets in their Schedules and Statements. The Debtor reserves all of its rights for the benefit of the Debtor's estate with respect to any claims, causes of action or avoidance actions the Debtor may have whether or not listed in the Schedules and Statements. Neither this Methodology Statement nor the Schedules and Statements shall be deemed a waiver of any such claim, cause of action or avoidance action or in any way prejudice or impair the assertion of such claims.

Any failure to designate a claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated." The Debtor reserves the right to amend the Schedules and Statements to dispute any claim reflected on the Schedules or Statements on any grounds, including, but not limited to amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

Some of the Debtors' assets and liabilities are shown on the basis of their net book value as shown in the 2007 10-K. Amounts ultimately realized or realizable on account of such assets may vary from net book value and such variance may be material. Other assets are listed at undetermined amounts either (i) because the value is unknown or (ii) because the net book values may materially differ from fair market values. Attempts to obtain current market valuations of all assets would be prohibitively expensive, unduly burdensome and an inefficient use of the Debtor's assets. Accordingly the Debtor has not attempted to do so in connection with the preparation of the Schedules and Statements.

B 6E (Official Form 6E) (12/07)-Cont.

In re IndyMac Bancorp, Inc.,  CASE NO. 08-21752-BB

Debtor  Chapter 7

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | $ UNKNOWN | | |
| B - Personal Property | Yes | 5 | $ 20,402,724.66 (approximate) | | |
| C - Property Claimed as Exempt | No | N/A | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ UNKNOWN | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 4 | | $ 10,950 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | $ 442,632,033.61 (approximate) | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | N/A | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | N/A | | | N/A |
| TOTAL | | 27 | $ 20,402,724.66 (approximate) | $ 442,642,983.61 (approximate) | |