B 6B (Official Form 6B) (12/07)

In re IndyMac Bancorp, Inc.,                                                    CASE NO. 08-21752-BB

              Debtor                                                                                 Chapter 7

## SCHEDULE B - PERSONAL PROPERTY

### *Please note the following Methodology Statement made by the Debtor*

**Statement of Limitations, Methodology and Disclaimer Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs of IndyMac Bancorp, Inc. (the "Debtor")**

This Statement of Limitations, Methodology and Disclaimer Regarding the Schedules of Assets and Liabilities and Statements of Financial Affairs of IndyMac Bancorp, Inc. ("IndyMac" or the "Debtor") (the "Methodology Statement") is incorporated by reference in, and comprises an integral part of, the Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"), and should be referred to and reviewed in connection with any review of the Schedules and Statements.

IndyMac is the sole owner of IndyMac Intermediate Holdings, Inc. ("IndyMac Intermediate"), a corporation whose sole purpose is to hold all of the outstanding common stock of IndyMac Bank, F.S.B. (the "Bank"). The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for the Bank on July 11, 2008. As a result of the appointment, the FDIC succeeded to all of IndyMac Intermediate's rights and powers as stockholder, see 12 U.S.C. § 1821(d)(2)(A)(i), although IndyMac Intermediate continues to hold the shares of the stock of the Bank.

All of the books and records of IndyMac were maintained by the Bank (and employees of the Bank) on IndyMac's behalf, pursuant to an intercompany servicing agreement and, since July 11, 2008, the FDIC has been in sole possession, custody and control of all of the books and records of the Bank which include all, or virtually all, of IndyMac's books and records. The employees of the Bank that the Debtor believes have knowledge of the books and records of the Bank include the following: Blair Abernathy, Chief Financial Officer; Scott Keys, former Chief Financial Officer; Francisco Nebot, Treasurer; Greg Sosnovich, Chief Accounting Officer; Jules Vogel, General Counsel; and Christina Ching, Corporate Secretary. With the exception of Mr. Keys, all of the individuals are employed by IndyMac Federal Bank, FSB, and maintain offices at 888 East Walnut Street, Pasadena, CA 91101. Accordingly, the Schedules and Statements have been prepared as required by 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtor with the assistance of outside counsel to IndyMac and the Debtor's sole remaining employee, Michael W. Perry, without access to the books and records of the Debtor. Mr. Perry's responsibilities at the Debtor did not include bookkeeping or accounting matters for the Debtor. In some cases, information contained in the Schedules and Statements was obtained from a review of public filings. The Debtor does not represent that all public filings were examined for information that might be responsive to the requests for information contained in the Schedules and Statements, as a review of all public filings would be prohibitively expensive, overly burdensome and an inefficient use of the Debtor's assets. Although reasonable effort has been made to ensure that the Schedules and Statements are as accurate and complete as practicable under these unique circumstances, subsequent information or discovery (including, potentially, access to records now in the sole possession, custody and control of the FDIC) may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist because, in addition to such books and records not being available to IndyMac, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment. For all of the foregoing reasons, there can be no assurance that these Schedules and Statements are complete and substantial errors or omissions may exist. The Debtor reserves all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.

Some of the financial information disclosed herein is derived from IndyMac's Form 10-K filed on February 29, 2008 for the year ending December 31, 2007 (the "2007 10-K"). The financial information disclosed herein has not been prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law. Persons or entities trading in or otherwise purchasing, selling or transferring the claims against or equity interests in the Debtor should evaluate this financial information in light of the purposes for which it was prepared. The Debtor is not liable for and undertakes no responsibility to indicate variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtor based on this financial information or any other information.

Despite reasonable efforts to identify all known assets, the Debtor may not have set forth all actual or potential causes of action against third parties as assets in their Schedules and Statements. The Debtor reserves all of its rights for the benefit of the Debtor's estate with respect to any claims, causes of action or avoidance actions the Debtor may have whether or not listed in the Schedules and Statements. Neither this Methodology Statement nor the Schedules and Statements shall be deemed a waiver of any such claim, cause of action or avoidance action or in any way prejudice or impair the assertion of such claims.

Any failure to designate a claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated." The Debtor reserves the right to amend the Schedules and Statements to dispute any claim reflected on the Schedules or Statements on any grounds, including, but not limited to amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

Some of the Debtors' assets and liabilities are shown on the basis of their net book value as shown in the 2007 10-K. Amounts ultimately realized or realizable on account of such assets may vary from net book value and such variance may be material. Other assets are listed at undetermined amounts either (i) because the value is unknown or (ii) because the net book values may materially differ from fair market values. Attempts to obtain current market valuations of all assets would be prohibitively expensive, unduly burdensome and an inefficient use of the Debtor's assets. Accordingly the Debtor has not attempted to do so in connection with the preparation of the Schedules and Statements.

B 6B (Official Form 6B) (12/07)-Cont.

In re IndyMac Bancorp, Inc.,                                    CASE NO. 08-21752-BB

    Debtor                                                      Chapter 7

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | 0 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | MONEY MARKET ACCOUNT<br>WELLS FARGO BANK NA<br>333 S GRAND AVE STE 940<br>LOS ANGELES, CA 90071<br>ACCT NO. XXXXXX5400, BALANCE AS OF 07/30/08<br><br>DDA CHECKING ACCOUNT<br>WELLS FARGO BANK NA<br>333 S GRAND AVE STE 940<br>LOS ANGELES, CA 90071<br>ACCT NO. XXXXXX2758, BALANCE AS OF 07/30/08 | | $19,055,053.44<br><br><br><br><br>$97,671.22 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | 0 |
| 4. Household goods and furnishings, including audio, video and computer equipment. | X | | | 0 |
| 5. Books, pictures and other art objects; antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | UNKNOWN—A small art collection was kept at the offices of the Debtor, but the Debtor does not believe that it has any interest in the collection and that the collection was or is the property of IndyMac Bank, F.S.B. See Methodology Statement, above. | | UNKNOWN |
| 6. Wearing apparel. | X | | | 0 |
| 7. Furs and jewelry. | X | | | 0 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | 0 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize, surrender or refund value of each. | | The Debtor has one or more director and officer liability insurance policy. The debtor had, and may still have, certain insurance policies with cash surrender values, such as a whole life insurance policy on CEO Michael W. Perry. Because the Debtor has no access its records, it cannot verify the existence of or access details regarding these policies. See Methodology Statement, above. | | UNKNOWN |
| 10. Annuities. Itemize and name each issuer. | X | | | 0 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | 0 |

Sheet 1 of 4 continuation sheets attached
to Schedule B – Personal Property

B 6B (Official Form 6B) (12/07)-Cont.

In re IndyMac Bancorp, Inc.,　　　　　　　　　　　　　　CASE NO. 08-21752-BB

　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　Chapter 7

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | 0 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | The Debtor owns 100% of the shares of IndyMac Intermediate Holdings, Inc. stock ("IndyMac Intermediate"). IndyMac Intermediate owns 100% of shares of IndyMac Bank, FSB (the "Bank"). The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for the Bank on July 11, 2008. As a result of the appointment, the FDIC succeeded to all of IndyMac Intermediate's rights and powers as stockholder, see 12 U.S.C. § 1821(d)(2)(A)(i), although IndyMac Intermediate continues to hold the shares of the stock of the Bank.<br><br>IBA, LLC (100% interest, sole member)<br><br>IndyMac Escrow Company, Inc. (owns 100% of shares, inactive)<br><br>IndyMac Investments, Inc. f/k/a Front Path, Inc. (owns 100% of shares, inactive)<br><br>UNKNOWN—According to the Debtor's 2007 10-K, as of December 31, 2007, the Debtor had the following assets:<br>• Securities classified as trading— $1,224,000.00<br>• Securities classified as available for sale— $502,000.00<br>• Loans held for investment, net— $283,000.00<br>• Investment in and advances to subsidiaries— $1,711,582,000.00<br>• Investment in non-consolidated subsidiaries— $17,069,000.00<br>The Debtor does not have access to its records and does not know the disposition or current status of these investments. See Methodology Statement, above. | | UNKNOWN<br><br><br><br><br><br><br><br><br><br><br>UNKNOWN<br><br>$0<br><br><br>$0<br><br><br>UNKNOWN |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | 0 |

Sheet _2_ of _4_ continuation sheets attached
to Schedule B – Personal Property

B 6B (Official Form 6B) (12/07)-Cont.

In re IndyMac Bancorp, Inc.,                                    CASE NO. 08-21752-BB

        Debtor                                                            Chapter 7

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | UNKNOWN—See response to Question 14, above. | | UNKNOWN |
| 16. Accounts Receivable. | X | | | 0 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | 0 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | DYKEMA GOSSETT PLLC<br>333 SOUTH GRAND AVENUE, SUITE 2100<br>LOS ANGELES, CA 90071<br>(PAYMENT IN ERROR)<br><br>HELLER EHRMAN<br>333 SOUTH HOPE STREET, 39TH FLOOR<br>LOS ANGELES, CA 90071-1406<br>(PAYMENT IN ERROR)<br><br>ALLEN MATKINS<br>515 SOUTH FIGUEROA STREET, 9TH FLOOR<br>LOS ANGELES, CA 90071-3398<br>(PAYMENT IN ERROR) | | $250,000.00<br><br><br><br>$250,000.00<br><br><br><br>$750,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | 0 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | UNKNOWN—As disclosed in response to Question 9, the Debtor had, and may still have an interest in a whole life insurance policy on CEO Michael W. Perry. See Methodology Statement, above. | | UNKNOWN |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | 0 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | 0 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | 0 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | 0 |

Sheet _3_ of _4_ continuation sheets attached
to Schedule B – Personal Property

B 6B (Official Form 6B) (12/07)-Cont.

In re IndyMac Bancorp, Inc.,                                    CASE NO. 08-21752-BB

　　　　Debtor                                                  Chapter 7

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | UNKNOWN—The sole remaining officer and employee of the Debtor is unaware of any property responsive to this question, but it is possible that the Debtor owned one or more vehicles. See Methodology Statement, above. | | UNKNOWN |
| 26. Boats, motors, and accessories. | X | | | 0 |
| 27. Aircraft and accessories. | X | | | 0 |
| 28. Office equipment, furnishings, and supplies. | | UNKNOWN—Standard office equipment, furnishings, and supplies were present in the offices of the Debtor, but the sole remaining officer and employee of the Debtor does not know whether such property is property of the Debtor or IndyMac Bank, FSB. See Methodology Statement, above. | | UNKNOWN |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | 0 |
| 30. Inventory. | X | | | 0 |
| 31. Animals. | X | | | 0 |
| 32. Crops - growing or harvested. Give particulars. | X | | | 0 |
| 33. Farming equipment and implements. | X | | | 0 |
| 34. Farm supplies, chemicals, and feed. | X | | | 0 |
| 35. Other personal property of any kind not already listed. Itemize. | | UNKNOWN— According to the Debtor's 2007 10-K, as of December 31, 2007, the Debtor had "other assets" totaling $29,375,000.00. The Debtor does not have access to its records, does not have any further identifying information about these assets, and does not know the disposition or current status of these assets. See Methodology Statement, above. | | UNKNOWN |
| The existence, description and value of any other personal property responsive to Questions 1 through 35 are unknown because the Debtor has no access to the relevant books or records. See Methodology Statement, above. | | | | |
| | | | Total | $ 20,402,724.66 (approximate) |

Sheet  4  of  4   continuation sheets attached
to Schedule B – Personal Property

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules)