Matthew C. Heyn (State Bar No. 227474)
Danielle Brown (State Bar No. 236023)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California  90067-6049
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090

Bankruptcy Counsel for Alfred H. Siegel,
solely as Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No:  08-21752 BB |
| INDYMAC BANCORP, INC., | Chapter 7 |
| Debtor. | |
| | **TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT BY AND BETWEEN ALFRED H. SIEGEL, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE, AND DYKEMA GOSSETT PLLC; MEMORANDUM OF POINTS & AUTHORITIES;  DECLARATION OF ALFRED H. SIEGEL IN SUPPORT THEREOF** |
| | **No Hearing Required Under** **Local Bankruptcy Rule 9013-1(o)** |

122248.2

1   **TO:   TO THE HONORABLE SHERRI BLUEBOND, UNITED STATES**

2   **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES**

3   **TRUSTEE; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

4       **PLEASE TAKE NOTICE** that Alfred H. Siegel, solely as Chapter 7 Trustee of the

5   estate of IndyMac Bancorp, Inc. (the "Trustee"), hereby files this *Motion for Order Pursuant*

6   *to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Approving Settlement by and*

7   *Between Alfred H. Siegel, Solely in his Capacity as Chapter 7 Trustee, and Dykema Gossett*

8   *PLLC* (the "Motion").

9       By the Motion, the Trustee seeks entry of an order pursuant to Rule 9019(a) of the

10  Federal Rules of Bankruptcy Procedure approving the settlement agreement (the "Settlement

11  Agreement") by and between the Trustee and Dykema Gossett PLLC ("Dykema").  A copy

12  of the Settlement Agreement is attached hereto as <u>Exhibit 1</u>.[1]

13      By way of summary, the Settlement Agreement liquidates a claim for avoidance and

14  recovery of a $250,000 transfer for $200,000 (80% of the amount of the transfer), brings

15  immediate cash into the estate, and avoids administrative expenses that would accrue from

16  the further prosecution of the litigation against Dykema.   Specifically, the Settlement

17  Agreement provides that Dykema will pay $200,000 within five business days of either (a)

18  the expiration of the time for taking an appeal from the Court's entry of an order approving

19  the Settlement Agreement ("Approval Order"), if no one has filed a notice of appeal, or (b),

20  if a appeal is taken but a stay of the Approval Order is not obtained following the expiration

21  of the time for filing a notice of appeal ("Effective Date").   The Settlement Agreement

22  further provides that Dykema and the estate will receive mutual general releases ("Mutual

23  Release") for claims associated with the litigation.

24      **PLEASE TAKE FURTHER NOTICE** that this Motion is supported by these

25  moving papers, the appended Memorandum of Points and Authorities, the appended

26  _____

27  [1] All discussion and summary of the terms and conditions of the Settlement Agreement in the
    Motion and accompanying Memorandum of Points and Authorities is qualified in its entirety

28  by the Settlement Agreement, which should be reviewed in its entirety by parties in interest.

*Declaration of Alfred H. Siegel*, and the record of the above-captioned bankruptcy case and the adversary proceeding against Dykema, Adv. No. 09-01881-BB (the "Adversary Proceeding").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule ("LBR") 9013-1(o), the Trustee requests that the Court grant the Motion and approve the Settlement Agreement without a hearing, unless a hearing is requested by a party in interest. Pursuant to LBR 9013-1(o)(1), any response or opposition to the Motion or a request for a hearing on the Motion must be in writing, must otherwise comply with LBR 9013-1(f), and must be filed with the Court and served upon bankruptcy counsel for the Trustee at the address set forth in the upper left-hand corner of the first page hereof no later than fifteen (15) days from the date of service of this Motion.  Pursuant to LBR 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested herein.

WHEREFORE, the Trustee requests that the Court enter an order approving the attached settlement agreements on the terms and conditions set forth therein.

KLEE, TUCHIN, BOGDANOFF & STERN LLP


DATED:  May 3, 2010                    */s/Danielle Brown*

Danielle Brown
Attorneys for Chapter 7 Trustee Alfred H. Siegel

Notice of Motion & Motion to Approve Settlement
Agreement

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## OVERVIEW

It is well recognized in this circuit and throughout the country that "[t]he law favors compromise and not litigation for its own sake . . . ." *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1386 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986). The Court should approve the Settlement Agreement because the amounts paid give the bankruptcy estate (the "Estate") of IndyMac Bancorp, Inc. ("Bancorp") 80% of what it would recover if it prevailed, while saving the Estate the costs and delay associated with continuing to prosecute the Adversary Proceeding. The Settlement Agreement will cause $200,000 to be contributed to the Estate within five business days of the Effective Date. (*See* Settlement Agreement ¶¶ 2&11).

Further pursuing litigation would subject the Estate to the administrative expenses associated with that litigation, including attorneys' fees and (potentially) expert witness fees in attempting to prove the insolvency of Bancorp, an issue to which Dykema has thus far refused to stipulate or admit. (Siegel Decl. ¶ 6.) Even assuming the litigation against Dykema were successful, which the Trustee believes is likely, the additional amounts recovered would likely be consumed by litigation expenses and expert fees.

Taking into account the benefits of settlement and the downsides of not settling, including litigation costs and delay, the Settlement Agreement is certainly reasonable, equitable, and in the best interests of creditors of the Estate.

## II.

## STATEMENT OF FACTS

### A.    General Background.

On July 11, 2008, the Office of Thrift Supervision (the "OTS") closed IndyMac Bank, F.S.B. (the "Bank"), in what was, at the time, the second largest bank failure in U.S. history. Siegel Decl. at ¶ 3. The Bank was the indirect subsidiary of Bancorp. *Id.* On July 31, 2008, Bancorp filed its petition for relief under chapter 7 of the Bankruptcy Code. *Id.* By Order

entered on December 11, 2008, Alfred H. Siegel was appointed to serve as permanent Chapter 7 Trustee in this case. *Id.*

The Trustee initiated the Adversary Proceeding by complaint filed on July 22, 2009 [Adv. Dkt. No. 1] (the "Complaint"). *Id.* at ¶ 4. The Complaint against Dykema seeks avoidance of an alleged preferential or fraudulent transfer to Dykema in the amount of $250,000, made on July 11, 2008, the day that Bank was closed by the OTS.

On August, 27 2009, Dykema filed and served its answer to the Complaint (the "Answer") [Adv. Dkt. No. 5]. In its Answer, Dykema denied the allegations of constructive and actual fraud and raised affirmative defenses, including, *inter alia*, that the transfer may not have been property of Bancorp, and that the transfer cannot be avoided under the "discharge for value" principle. Answer at 5-6.

### B.      The Settlement Agreement.

The Trustee and Dykema have determined to enter into the Settlement Agreement, a true and correct copy of which is attached hereto as <u>Exhibit 1</u>. Siegel Decl. ¶ 5. Pursuant to the Settlement Agreement, within five business days of the Effective Date, Dykema will pay the sum of $200,000 to the Estate, in exchange for which, the Trustee will dismiss the Adversary Proceeding with prejudice. Exhibit 1 at ¶ 2. Under the Settlement Agreement, the Estate and Dykema will receive the Mutual Release. The Trustee and Dykema, through their respective counsel, negotiated the Settlement Agreement in good faith and at arms'-length. Siegel Decl. at ¶ 5. The Trustee believes that the Settlement Agreement is fair, reasonable and in the best interest of this bankruptcy estate. *Id.* Accordingly, the Trustee requests Court approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019. *Id.* ¶ 6.

### III.

### THE COURT SHOULD APPROVE THE SETTLEMENTS BECAUSE THEY ARE FAIR, REASONABLE, EQUITABLE, AND IN THE BEST INTERESTS OF THE ESTATE.

"On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). "The bankruptcy court has great

latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986).  Accordingly, in approving a compromise, the Court need conduct neither an exhaustive investigation into the validity, nor a mini-trial on the merits of the claims sought to be compromised.  *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).  Rather, it is sufficient that the Court find that the compromise was negotiated in good faith and is reasonable, fair, and equitable.  *In re A & C Props.*, 784 F.2d at 1381.

The Ninth Circuit has identified the following factors for consideration in determining whether a proposed compromise is reasonable, fair, and equitable:

(a)    the probability of success in the litigation;

(b)    the difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

(d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Props.*, 784 F.2d at 1381 (citation omitted).

Consideration of these factors does not require the Court to decide the questions raised in the settled controversies, or to determine whether a proposed compromise is the best that could possibly have been achieved.  Rather, the Court need only canvass the issues to determine whether the compromise falls "below the *lowest point in the zone of reasonableness*." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972) (emphasis added); *see also Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).  Finally, although the Court should consider the reasonable views of creditors, "objections do not rule.  It is well established that compromises are favored in bankruptcy." *In re Lee Way*

5

*Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

The Settlement Agreement represents a compromise that clearly falls within the reasonable range and is far above the "lowest point in the zone of reasonableness."  While the Trustee could continue to litigate this Adversary Proceeding, the administrative expenses associated that litigation would erode the estate's net recovery and delay any recovery by the estate.   Siegel Decl. at ¶ 6.   In particular, beyond the inherent risks and uncertainties of litigation, the monetary difference between the $250,000 transfer the Trustee seeks to avoid and the $200,000 Dykema has agreed to pay in connection with the Settlement Agreement might be eaten up entirely if the Trustee is required to litigate the issue of Bancorp's insolvency, an issue to which Dykema has thus far refused to stipulate or admit.  *Id*.  In effect, the Settlement Agreement "gets right down to the point" without unnecessarily saddling the Estate with additional attorney's fees and costs.  *Id*.  Based on this analysis, the Trustee concluded that he should enter into the Settlement Agreement, which is reasonable, fair and in the best interest of the estate.  *Id.* at ¶ 5.

## IV.

## CONCLUSION

For the reasons and based on the authorities presented above, the Trustee respectfully requests that this Court enter an order pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 363 approving the Settlement Agreement and granting to the Trustee such other and further relief as the Court deems necessary and appropriate.

KLEE, TUCHIN, BOGDANOFF & STERN LLP.


DATED:  May 3, 2010                    */s/Danielle Brown*
                                        Danielle Brown
                                        Attorneys for Chapter 7 Trustee Alfred H. Siegel

### DECLARATION OF ALFRED H. SIEGEL

I, Alfred H. Siegel, declare and state as follows:

1.    I am over eighteen years of age.  If called as a witness, I could and would competently testify to the matters set forth herein from my own personal knowledge.

2.    I submit this Declaration in support of the accompanying *Motion for Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Approving Settlement By and Between Alfred H. Siegel, Solely in his Capacity as Chapter 7 Trustee, and Dykema Gossett PLLC* (the "Motion"), solely in my capacity as the chapter 7 trustee for the estate of IndyMac Bancorp, Inc. ("Bancorp").

3.    Bancorp commenced the above-captioned chapter 7 case on July 31, 2008 (the "Petition Date").  Prior to the Petition Date, on July 11, 2008, the Office of Thrift Supervision (the "OTS") closed IndyMac Bank, F.S.B. (the "Bank").  The Bank was the indirect subsidiary of Bancorp.  I was appointed the permanent Chapter 7 Trustee of Bancorp's estate (the "Estate") on or around December 11, 2008.

4.    In or about July 2009, I authorized my counsel to file a complaint against Dykema Gossett PLLC ("Dykema") to initiate an adversary proceeding (the "Adversary Proceeding") against the Dykema to avoid and recover a $250,000 transfer Bancorp made to Dykema on the day that the OTS closed the Bank.

5.    In order to avoid the additional costs and risks associated with continued litigation in this Adversary Proceeding, Dykema and I have determined to enter into a settlement agreement, a true and correct copy of which is attached as Exhibit 1 to the Motion (the "Settlement Agreement").  Dykema and I, through our respective counsel, negotiated the Settlement Agreement in good faith and at arms'-length.  I believe that the Settlement Agreement is fair, reasonable and in the best interest of the Estate.

6.    While I could continue litigation in the Adversary Proceeding, there is a substantial likelihood that litigation would erode the Estate's net recovery.  Pursuing litigation would subject the Estate to the administrative expenses associated with that litigation, including attorneys' fees and (potentially) expert witness fees in attempting to

1  prove the insolvency of Bancorp, an issue to which Dykema has thus far refused to stipulate

2  or admit.  Even assuming the litigation against Dykema will be successful, it is likely that the

3  difference between the $200,000 Dykema will pay pursuant to the Settlement Agreement and

4  the $250,000 I am seeking to recover by the Adversary Proceeding may be consumed by

5  litigation expenses and expert fees.  Accordingly, I have determined to enter into and request

6  Court approval of the Settlement Agreement.

7

8  I declare under penalty of perjury under the laws of the United States that the foregoing is

9  true and correct.

10      Executed this 30th day of April, 2010 at Sherman Oaks, California.

13                                ALFRED H. SIEGEL

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement") is entered into as of April 26, 2010, by and between **ALFRED H. SIEGEL**, solely in his capacity as Chapter 7 Trustee of the estate of IndyMac Bancorp, Inc. (the "Trustee") on the one hand; and **DYKEMA GOSSETT PLLC**, a Michigan Professional Limited Liability Company ("Dykema"), on the other (Dykema and the Trustee are referred to herein individually as a "Party" and collectively as "the Parties"), with reference to the following facts:

### RECITALS

A.      On July 31, 2008 (the "Petition Date"), IndyMac Bancorp, Inc, ("Bancorp") filed its petition for relief under chapter 7 of the Bankruptcy Code. By Order entered on December 11, 2008, Alfred H. Siegel was appointed to serve as permanent Chapter 7 Trustee in Bancorp's chapter 7 case (the "Case").

B.      The Trustee initiated an adversary proceeding in the Bankruptcy Court for the Central District of California with Adversary Proceeding Number 09-01881-BB (the "Adversary Proceeding") against Dykema by complaint filed on July 22, 2009 (the "Complaint"), seeking to recover  transfers to Dykema that the Trustee alleged were preferential and fraudulent, in the aggregate amount of $250,000, made on July 11, 2008.

C.      On August, 27 2009, Dykema filed and served its answer to the Complaint (the "Answer").  In its Answer, Dykema denied the allegations of constructive and actual fraud and raised affirmative defenses, including, *inter alia*, that the transfer may not have been property of Bancorp, and that the transfer was protected by the "discharge for value" principle.

D.      In order to avoid the risks, expense and inconvenience of litigation, the Parties to this Settlement Agreement have agreed to settle their disputes in accordance with the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the above-mentioned recitals and the mutual covenants herein, the parties hereto stipulate and agree as follows:

### AGREEMENT

1. The above Recitals are incorporated herein by reference.

2. In consideration for this Settlement Agreement, Dykema shall pay the Trustee, for the benefit of the Bancorp bankruptcy estate, Two Hundred Thousand U.S. Dollars (**$200,000.00**) (the "Settlement Amount") in full

satisfaction of the fraudulent transfer, preference and/or other claims asserted in the Adversary Proceeding, or any other possible claims related to the payment of $250,000 from Bancorp to Dykema as alleged in the Adversary Proceeding (collectively, the "Claims"). Such payment shall be made by check made payable to "Alfred Siegel, Chapter 7 Trustee" and delivered to his counsel of record within five business days of the "Effective Date" (as defined in paragraph 11 below) of the Settlement Agreement. Within five business days of receipt of the Settlement Amount, in good and sufficient funds, the Trustee will cause the Adversary Proceeding to be dismissed with prejudice, with each party to bear its own attorneys' fees and costs. Within thirty days of the Effective Date, and after payment of the Settlement Amount in good and sufficient funds, Dykema may file a proof of claim under 11 U.S.C. 101 *et seq.*, in the amount of $200,000. The Trustee hereby stipulates to the validity and amount of such proof of claim as a general unsecured claim in this Case.

3. In further consideration for this Settlement Agreement, effective upon the receipt of the Settlement Amount by the Trustee, Dykema hereby forever waives, releases and discharges the Trustee, Bancorp, its estate and their predecessors, successors, assigns, affiliates, heirs, executors, administrators, and present or former direct or indirect shareholders, of and from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing arising under, arising out of and/or related to the Claims.

4. In consideration for this Settlement Agreement and the Settlement Amount, effective upon receipt of the Settlement Amount, the Trustee hereby forever waives, releases and discharges Dykema and its predecessors, successors, assigns, affiliates, heirs, executors, administrators, partners, and present or former direct or indirect shareholders, of and from any and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing arising under, arising out of and/or related to the Claims.

5. This Settlement Agreement shall be binding upon and inure to the benefit of the Trustee and Dykema and their successors and assigns.

6. The Trustee and Dykema acknowledge familiarity with California Civil Code section 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

To the extent that the releases contained in paragraphs 3 and 4 may constitute general releases within the meaning of California Civil Code section 1542, to the full extent that they may lawfully do so, the Trustee and Dykema expressly waive and relinquish all rights and benefits that they have or may have under California Civil Code section 1542 or any similar law.   Each of them acknowledges having been advised by counsel as to the significance of a waiver of Section 1542 as it applies to unknown claims and that the waivers in this Agreement are made knowingly and voluntarily.   Each of them further acknowledges that, to the extent that Party has not fully investigated or does not know about any facts, events, or circumstances occurring at any time until the effective date of this Agreement, those unknown facts, events, and circumstances, and in particular, any and all unknown claims arising out of them, are hereby expressly waived and released.

7.   The Parties acknowledge and understand that they are executing and delivering this Settlement Agreement with full knowledge of any and all rights which they may have with respect to the Claims herein settled and released.  The Parties acknowledge that they were represented by and/or consulted with an attorney of their own choosing to the extent they desired before executing and delivering this Agreement in order to review this document and the Claims being settled and released hereby, and that they had a reasonable and sufficient opportunity to do so.

8.   The Parties hereto agree that this Agreement shall be governed by and construed in accordance with the laws of the State of California.  The Bankruptcy Court for the Central District of California shall retain jurisdiction over the subject matter of this Settlement Agreement to resolve all disputes relating thereto and to enforce the settlement and releases set forth herein.

9.   This Settlement Agreement constitutes the full, complete and entire understanding, agreement, and arrangement of and between the Parties hereto with respect to the subject matter hereof and supersedes any and all prior oral and written understandings, agreements and arrangements between them. There are no other agreements, covenants, promises or arrangements between the Parties other than those set forth herein.  There is no other consideration for this Settlement Agreement other than the consideration set forth in this Settlement Agreement.  This Settlement Agreement may be amended, altered, modified or waived, in whole or in part, only in a writing executed by the Parties to this Settlement Agreement.  This Settlement Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

10. The failure of either of the Parties to insist upon strict adherence to any term of this Settlement Agreement on any occasion shall not be considered a waiver thereof nor deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Settlement Agreement.

11. This Settlement Agreement shall become fully effective only upon its approval by the Bankruptcy Court.  Following execution of this Agreement by the Parties, the Trustee shall promptly move the Bankruptcy Court for an order (the "Approval Motion") approving this Agreement.  Nothing herein shall require the Trustee to violate his duties as trustee, including without limitation his duties of candor to the Bankruptcy Court.  Should the Bankruptcy Court deny the Approval Motion, then the Parties shall be restored to the status quo as it existed immediately prior to the execution of this Agreement and this Agreement shall have no further force or effect nor be admissible for any purpose in the Bankruptcy Case or the Adversary Proceeding.  Should the Bankruptcy Court grant the Approval Motion (by entering an "Approval Order") and either (a) the time for taking an appeal from the Approval Order has expired with no one filing a notice of appeal, or (b) an appeal is taken but a stay of the Approval Order is not obtained, then this Agreement shall be effective upon the first business day (the "Effective Date") following the expiration of the time for filing a notice of appeal.  In the event the Approval Order is reversed, this Agreement shall have the same effect (i.e., it shall be of no further force or effect nor be admissible for any purpose in the Bankruptcy Case or the Adversary Proceeding), as if the Bankruptcy Court had denied the Approval Motion.

12. The Parties acknowledge that this Agreement represents a settlement of disputed claims and that, by entering into this Agreement, none of the Parties admits or acknowledges the existence of any liability or wrongdoing.

13. This Settlement Agreement may be executed in duplicate originals, (each of which shall be considered to be an original of this Settlement Agreement) or in counterparts (both of which, together, shall constitute an original of this Settlement Agreement).

IN WITNESS WHEREOF, the parties hereto have executed this Settlement
Agreement as of the Effective Date.

DYKEMA GOSSETT PLLC,
Michigan Professional Limited
Liability Company


BY: _____
ITS:

ALFRED H. SIEGEL,
solely in his capacity as Chapter 7
Trustee

BY: _____


[COUNSEL'S SIGNATURES FOLLOW NEXT PAGE]

IN WITNESS WHEREOF, the parties hereto have executed this Settlement
Agreement as of the Effective Date.

DYKEMA GOSSETT PLLC,
Michigan Professional Limited
Liability Company

BY: _Lori McAllister_
ITS: _General Counsel_

ALFRED H. SIEGEL,
solely in his capacity as Chapter 7
Trustee

BY: _____

[COUNSEL'S SIGNATURES FOLLOW NEXT PAGE]

**APPROVED AS TO FORM AND CONTENT:**

KLEE, TUCHIN, BOGDANOFF &
STERN LLP

By: _____
    Danielle Brown,
    Bankruptcy Counsel for Alfred H.
    Siegel, Chapter 7 Trustee

DYKEMA GOSSETT LLP

By: _____
    Robert D. Nachman
    Attorneys for Dykema Gossett LLP

**PROOF OF SERVICE**

I declare that I am over eighteen years of age and that I am not a party to this action. My business address is 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-6049.

On May 3, 2010, I served a true and correct copy of the following document(s) on the parties indicated on the attached list by using the method indicated below:

**TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO TO RULE 9019(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT BY AND BETWEEN ALFRED H. SIEGEL, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE, AND DYKEMA GOSSETT PLLC; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ALFRED H. SIEGEL IN SUPPORT THEREOF**

☒ **By First-Class Mail**:  I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the document(s) listed above was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the above-referenced document(s) were placed into the envelopes, the envelopes were sealed and addressed as set forth on the attached list and, with postage thereon fully prepaid, the envelopes were placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

☐ **By Personal Service**:  I caused such envelopes to be delivered by hand to the addresses indicated on the attached list.

☐ **By Overnight Courier**:  I caused the above-referenced document(s) to be delivered by overnight courier service for delivery as indicated on the attached list.

☐ **By Facsimile Machine**:  I personally caused the above-referenced document(s) to be transmitted to the person(s) and at the telecopy number(s) indicated on the attached list.  I confirmed that the intended recipient received the transmission either:

☐ By reviewing the transmission report(s) that the facsimile machine generated; or

☐ By contacting the recipient(s) by telephone at the telephone number(s) number indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that this declaration was executed at Los Angeles, California on May 3, 2010.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

1

2          I declare under penalty of perjury that the foregoing is true and correct.

3

4                                          /s/
                                          _____
5                                          Marcy A. Serpas

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

# SERVICE LIST

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

| | |
|---|---|
| **Debtor**<br>IndyMac Bancorp Inc<br>c/o Ed Woodsome<br>Orrick Herrington & Sutcliffe LLP<br>777 S. Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 | Arthur L. Shingler III<br>Scott and Scott LLP<br>600 B Street, Suite 1500<br>San Diego, CA 92101 |
| **Counsel to Debtor**<br>Dean G. Rallis, Jr.<br>Leib M. Lerner<br>Weston Benshoof Rochefort Rubalcava<br>MacCuish LLP<br>333 South Hope Street, 16th Floor<br>Los Angeles, CA 90071 | Brent Frost<br>Brian Carter<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| Alfred H. Siegel<br>Siegel Gottlieb Mangel & LeVine<br>15233 Ventura Blvd., 9th Floor<br>Sherman Oaks, CA 91403-2201 | Bruce G. Willison<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue, 35th floor<br>Los Angeles, CA 90071 |
| Office of the United States Trustee<br>Attn: Peter C. Anderson<br>725 S. Figueroa Street, Suite 2600<br>Los Angeles, CA 90017 | Canise Arredondo<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| John C. Weitnauer<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 W. Peachtree Street<br>Atlanta, GA 30309-3424 | Capital Group International Inc.<br>Capital Guardian Trust Company<br>11100 Santa Monica Blvd.<br>Los Angeles, CA 90025 |
| Dwight Smith<br>Alston & Bird LLP<br>The Atlantic Building<br>950 F. Street NW<br>Washington, DC 20004 | Christiana Bank & Trust Company<br>Corporate Trust Admin.<br>1314 King Street<br>Wilmington, DE 19801 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

| | |
|---|---|
| Ariel Investments LTD<br>c/o Arthur L Shingler III<br>Scott and Scott LLP<br>5455 Wilshire Boulevard, Suite 1800<br>Los Angeles, CA 90036 | Christina Ching<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| Classic Fund Management<br>Aktiengesselschaft Raetikonstrasse<br>33 FL 9490 Vaduz Principality of<br>Liechtenstein | Frederick W. Gerkens III<br>Glancy Binkow & Goldberg LLP<br>1430 Broadway, Suite 1603<br>New York, NY 10018 |
| Coughlin Stoia Geller Rudman Robins<br>Darren Robbins<br>David Walton<br>655 W. Broadway, Suite 1900<br>San Diego, CA 92101-3301 | Dale Scott Heineman<br>32108 Alvarado Bvld., #381<br>Union City, Ca 94587 |
| Lionel Glancy<br>Peter Binkow<br>Glancy Binkow & Goldberg LLP<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, Ca 90067 | David Hayes<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| David R. Scott<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415 | Hugh M. Grant<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue, 35th floor<br>Los Angeles, CA 90071 |
| Denise Marie Freeman<br>5611 Japonica Avenue<br>Pensacola, FL 32508 | Ian D. Berg<br>Schiffrin Barroway Topaz & Kessler<br>280 King of Prussia Road<br>Randor, PA 19087 |
| Elaine Burik<br>c/o James F. Selbach PC<br>2700 Bellevue Ave<br>Syracuse, NY 13219 | IndyMac Bank FSB<br>888  East Walnut Street<br>Pasadena, CA 91101 |
| Ernst & Young<br>725 S. Figueroa Street<br>Los Angeles, CA 90017 | IndyMac Intermediate Holdings Inc.<br>888 Walnut Street<br>Pasadena, CA 91101 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

| | |
|---|---|
| Ernst & Young LLP<br>c/o CT Corporation System<br>818 W. Seventh Street<br>Los Angeles, CA 90017 | James V. Bashian<br>Law Offices of James V. Bashian PC<br>500 Fifth Avenue, Suite 2700<br>New York, NY 10110 |
| First Mutual Trust of Switzerland<br>1918 AG Baarester 63<br>63000 Zug-Switzerland<br>**SWITZERLAND** | Jim Barbour<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| Francisco Nebot<br>888 E. Walnut Street<br>Pasadena, CA 91101 | John Folsom<br>c/o C. Kowalewski<br>Coughlin Stoia Geller Rudman Robbin<br>655 W. Broadway, suite 19000<br>San Diego, Ca 92101-3301 |
| John Olinski<br>888 E. Walnut Street<br>Pasadena, CA 91101 | Louis E. Caldera<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 |
| John Seymour<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue, 35th floor<br>Los Angeles, CA 90071 | Lydia H. Kennard<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 s. Grand Avenue, 35th Floor<br>Los Angeles, Ca 90071 |
| JPMorgan Chase<br>1111 Polaris Pkwy<br>Columbus, OH 43240 | JPMorgan Chase<br>c/o CT Corporation System<br>818 Seventh Street<br>Los Angeles, CA 90017 |
| Lyle E. Gramley<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 S. Grand | Lyle E Gramley<br>c/o Todd J Rosen<br>Munger Tolles & Olson LLP<br>355 S Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 |
| Kurt F. Johnson<br>32108 Alvarado Blvd #381<br>Union City, CA 94587 | Mazal Investment Partnership<br>Coughlin Stoia Geller Rudman Robbin<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 |

| | |
|---|---|
| LA County Treasurer and Tax Collector<br>Attn:  Linda D Ramos<br>P.O. Box 54110<br>Los Angeles, CA 90051-01103 | Meg Wade<br>888 E Walnut Street<br>Pasadena, CA 91101 |
| Larry Gatewood<br>13231 Midway Road<br>King George, VA 22485 | Mei Siew Chong<br>8501 Cape Code Ave<br>Fountain Valley, CA 92708-5018 |
| LaSalle Bank National Association<br>Attn:  DCO Trust Services Group<br>135 S LaSalle Street, Suite 1511<br>Chicago, IL 60603 | Michael W. Perry<br>c/o D. Jean Veta<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue NW<br>Washington, DC 20004-2401 |
| Legg Mason Opportunity Trust<br>100 Light Street<br>Baltimore, MD 21202 | Morgan Stanley Mortgage Capital Inc<br>Attn:  Andrew Neuberger<br>1221 Avenue of the Americas, 27th Floor<br>New York, NY 10020 |
| Lehman ABS Corporation<br>c/o Wilmington Trust Company<br>as owner Trustee<br>745 Seventh Avenue<br>New York, NY 10019 | NWQ Investment Management Co LLC<br>2049 Century Park East, 16th Floor<br>Los Angeles, CA 90067 |
| Office of Thrift Supervision<br>1700 G Street NW<br>Washington, DC 20552 | Ruthann Melbourne<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| Pam Marsh<br>888 E Walnut Street<br>Pasadena, CA 91101 | S Blair Abernathy<br>888 E. Walnut Street<br>Pasadena, CA 91101 |
| Patrice L Bishop<br>Stull Stull & Brody<br>6 East 45th Street, 5th Floor<br>New York, NY 10017 | Sam Zhong Wang<br>c/o Michael D Braun<br>12304 Santa Monica Blvd, Suite 109<br>Los Angeles, CA 90025 |
| Patrice L. Bishop<br>Stull Stull & Brody<br>10940 Wilshire Blvd., Suite 2300<br>Los Angeles, CA  90024 | Scott Keys<br>Squitieri & Fearon LLP<br>32 East 57th Street, 12th Floor<br>New York, NY 10022 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

| | |
|---|---|
| Patrick C Haden<br>c/o Todd J Rosen<br>Munger Tolles & OLson LLP<br>355 S Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 | Teresa D Moore<br>c/o Daniel L Keller<br>Keller Fishback & Jackson LLP<br>18425 Burbank Blvd., Suite 610<br>Tarzana, CA 91356-6918 |
| Paul O. Paradis<br>Horwitz Horwitz & Paradis<br>28 West 44th Street, 16th Floor<br>New York, NY 10036 | Terrance G Hodel<br>c/o Todd J Rosen<br>Munger Tolles & Olson LLP<br>355 S Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 |
| Peter Kandinov<br>c/o Edwin J Mills<br>Stull Stull & Brody<br>6 East 45th Street, 5th Floor<br>New York, NY 10017 | Thomas J McKenna<br>Gainey and McKenna<br>295 Madison Avenue, 4th Floor<br>New York, NY 10017 |
| Robert L Hunt II<br>c/o Todd J. Rosen<br>Munger Tolles & Olson LLP<br>355 S Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 | Wachtell Lipton Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019 |
| Roger Phillips<br>c/o Daniel L Keller<br>Keller Fishback & Jackson LLP<br>18425 Burbank Blvd., Suite 610<br>Tarzana, CA 91356-6918 | Wayman Tripp<br>c/o Evan J Smith<br>Brodsky and Smith LLC<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90212 |
| Wells Fargo Bank<br>c/o Corporation Service Company<br>2730 Gateway Oaks, Suite 100<br>Sacramento, CA 95833 | Request for Special Notice<br>Mr. Ken Higman<br>Sr. Default & Recover Analyst<br>Hewlett-Packard Company<br>2125 E. Katella Avenue<br>Anaheim, CA 92806 |
| Wells Fargo Bank NA<br>333 S Grand Avenue, Suite 940<br>Los Angeles, CA 90071 | Wilmington Trust Company<br>Corporate Capital Markets<br>Rodney Sq North<br>1100 N. Market Street<br>Wilmington, DE 19890-0001 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

| | |
|---|---|
| Request for Special Notice<br>Michael Perry<br>c/o Jessica D. Gabel<br>Covington & Burling LLP<br>1 Front Street, 35th Floor<br>San Francisco, CA  94111 | XO Communications, LLC<br>Attn: Brad Lee<br>105 Molloy Street<br>Nashville, TN 37201 |
| Request for Special Notice<br>Michael Perry<br>c/o Michael St. Patrick Baxter<br>      Aisha L. Williams<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20001-2401 | Request for Special Notice<br>Ms. Anne Marie Kennelly<br>Corporate Counsel<br>Hewlett-Packard Company<br>3000 Hanover Street<br>Mailstop 1050<br>Palo Alto, CA  94304 |
| Request for Special Notice<br>Ms. Ramona Neal<br>Corporate Counsel<br>Hewlett-Packard Company<br>11311 Chinden Blvd.<br>Mailstop 314<br>Boise, ID  83714-0021 | Request for Special Notice<br>Richard Hopp<br>P.O. Box 3601<br>Van Nuys, CA  91407 |