David M. Stern (State Bar No. 67697)
Matthew C. Heyn (State Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California  90067-6049
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090
Email:    dstern@ktbslaw.com; mheyn@ktbslaw.com

*Attorneys for Alfred H. Siegel solely as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

INDYMAC BANCORP, INC.,
a Delaware corporation,

Debtor.

Case No.:  2:08-21752-BB

Chapter 7

**APRIL 2011 STIPULATION EXTENDING PRIOR ORDERS GRANTING RELIEF FROM STAY TO ACCESS INSURANCE PROCEEDS AND GRANTING FURTHER RELIEF**

ORDER APPROVING STIPULATION UPLOADED CONCURRENTLY HEREWITH

**No Hearing Required**

This *Second Stipulation Extending Prior Orders Granting Relief from Stay to Access Insurance Proceeds and Granting Further Relief* (the "Stipulation") is entered into by and among the Chapter 7 Trustee (the "Trustee") for IndyMac Bancorp, Inc. (the "Debtor"); the Federal Deposit Insurance Corporation (the "FDIC"), as Receiver for IndyMac Bank, F.S.B. (the "Bank") and IndyMac Federal Bank, FSB, as applicable; and certain former officers and

directors of the Debtor and/or the Bank identified below (the "Officers and Directors" and, collectively with the FDIC and the Trustee, the "Parties"), by and through their counsel.

**RECITALS**

A. <u>Bankruptcy Case.</u>  On July 31, 2008, the Debtor filed, in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), a voluntary petition under Chapter 7 of title 11 of the United States Code, thereby initiating the above-captioned bankruptcy case (the "Bankruptcy Case").  Shortly thereafter, the Trustee was appointed as interim trustee in accordance with 11 U.S.C. (the "Bankruptcy Code") § 701.  He has since been become the trustee in accordance with 11 U.S.C. § 702.

B. <u>Original Stipulation and Order.</u>  On or about December 12, 2008, certain of the Parties executed and thereafter caused to be filed the *Stipulation Resolving Motions of Current and/or Former IndyMac Directors and Officers for Determination that Certain Insurance Proceeds Are Not Subject to the Automatic Stay and/or Relief from the Automatic Stay under 11 U.S.C. § 362* (the "December 2008 Stipulation"), Docket No. 181.  On December 15, 2008, the Bankruptcy Court entered its *Order Approving Stipulation Resolving Motions of Current and/or Former IndyMac Directors and Officers for Determination that Certain Insurance Proceeds Are Not Subject to the Automatic Stay and/or Relief from the Automatic Stay under 11 U.S.C. § 362* (the "December 2008 Order"), Docket No. 183.  The December 2008 Stipulation and the December 2008 Order (the "December 2008 Stipulation and Order"), *inter alia*, granted certain of the Officers and Directors relief from stay to access insurance policies that were specified in the *Motion of Current and/or Former IndyMac Directors and Officers for Determination that Certain Insurance Proceeds Are Not Subject to the Automatic Stay and/or Relief from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 91, and the *Motion of Current and/or Former IndyMac Directors and Officers for Determination that "Side-A Only" Insurance Proceeds Are Not Subject to the Automatic Stay and/or Relief from the Automatic Stay Under 11 U.S.C. § 362*, Docket No. 153 (collectively, the "Insurance Policies").

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000

C. <u>Subsequent Stipulations and Orders.</u> The December 2008 Stipulation and Order have since been amended as follows:

(1) Kevin Cochrane, Ray Mathoda, Jim Barbour, Ken Horner and Jennifer Pikoos were added as parties pursuant to the *Stipulation re: Relief for Certain Insurance Proceeds for the ERISA Action from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 267, and the *Order Approving Stipulation re: Relief for Certain Insurance Proceeds for the ERISA Action from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 273;

(2) Lynnette Antosh and Raphael Bostic were added as parties pursuant to the *Stipulation re: Relief for Certain D&O Insurance Proceeds for the IBEW Action from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 289, and the *Order Approving Stipulation re: Relief for Certain D&O Insurance proceeds for the IBEW Action from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 298; and

(3) James Banks was added as a party pursuant to the *Stipulation re: Relief for Certain Insurance Proceeds for the SEC Investigation from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 338, and the *Order Approving Stipulation re: Relief for Certain Insurance Proceeds for the SEC Investigation from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 341.

(4) On May 7, 2009, Kenneth Shellem and Richard S. Koon, II filed their *Notice of Motion and Motion for an Order Adding Kenneth Shellem and Richard S. Koon, II to Stipulation Resolving Motions of Current and/or Former Directors and Officers etc.*, Docket No. 307. Following the filing of oppositions and replies, the Parties settled their differences by their *Stipulation Resolving Motion for an Order adding Kenneth Shellem and Richard S. Koon, II to Stipulation and Granting Further Relief from Stay to Access Insurance Proceeds*, Docket No. 349 (the "August 2009 Stipulation"), which was approved by the *Order Approving Stipulation Resolving Motion for an Order adding Kenneth Shellem and Richard S. Koon, II to Stipulation and Granting Further Relief from Stay to Access Insurance Proceeds*, Docket No. 352

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000

(the "August 2009 Order," and with the August 2009 Stipulation, the "August 2009 Stipulation and Order").

(5) Upon being advised that certain of the Directors and Officers required New York counsel, and without the necessity of a motion, the Parties entered into the *Stipulation re: Relief for Certain Insurance Proceeds for New York Local Counsel from the Automatic Stay under 11 U.S.C. § 362*, Docket No. 383, which was approved by the *Order Approving Stipulation re: Relief for Certain Insurance Proceeds for New York Local Counsel from the Automatic Stay Under 11 U.S.C. § 362*, Docket No. 393.

(6) Upon being advised that the Directors and Officers had exhausted the insurance policy proceeds that were available under August 2009 Stipulation and Order, and without any party filing a motion to seek relief from stay, on or about May 2010 the Parties entered into the *Stipulation Extending Prior Orders Granting Relief From Stay to Access Insurance Proceeds and Granting Further Relief*, Docket No. 446 (the "May 2010 Stipulation"), which was approved by the *Order Approving Stipulation Extending Prior Orders Granting Relief From Stay to Access Insurance Proceeds and Granting Further Relief*, Docket No. 456 (the "May 2010 Order" and, with the May 2010 Stipulation, the "May 2010 Stipulation and Order").

(7) On December 21, 2010 the Parties entered into the *Stipulation Granting Relief from Stay to Pay Mediators' Fees and Costs*, Docket No. 538, which the Bankruptcy Court approved by Order entered on December 29, 2010, Docket No. 539.

D.    <u>Further Consensual Resolution.</u>   The Parties wish to extend and modify their prior resolutions and avoid the costs, uncertainties and expenses of litigation for the term of the agreement herein, without any prejudice to their rights after this agreement expires. They further reaffirm and do not alter, except as specifically altered herein, the orders referenced above.

NOW, THEREFORE, the Parties, with the express intent to be legally bound after Bankruptcy Court approval of this Stipulation, and in consideration of the foregoing and of the

representations and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, do stipulate and agree as follows:

**TERMS AND CONDITIONS**

1. <u>Funding Amount.</u>  The Officers and Directors shall be permitted to access up to an additional $10,000,000 – which amount is expressly in addition to the sums provided for, whether as fees, costs or other expenses, by the December 2008 Stipulation and Order, the August 2009 Stipulation and Order, and the May 2010 Stipulation and Order – for the payment of attorneys' fees incurred on or after July 1, 2008 (such that the "Funding Amount" is now $40,000,000) from the Insurance Policies, plus the amounts set forth in paragraphs 5, 6 and 7, subject to the conditions set forth below.  For avoidance of doubt, whether or not referenced below, nothing herein is intended, nor should it be deemed, to reduce or eliminate the amounts provided in the December 2008 Stipulation and Order, the August 2009 Stipulation and Order, or the May 2010 Stipulation and Order for attorneys' fees, costs, database expenses or fees for expert witnesses, nor to affect the manner in which such charges are allocated, approved and/or paid, whether pursuant to paragraphs 3, 4, 5, 6, 7, 8 or otherwise.  The Funding Amount is subject to change only upon further order of the Bankruptcy Court.  All Parties reserve their right to seek a change, if appropriate, in accordance with the protocol set forth in paragraphs 9 and 11.

2. <u>Monthly Cap.</u>  The Officers and Directors shall continue to have a monthly cap on attorneys' fees of $1,250,000 from the Insurance Policies, as they have had since September 1, 2009.  To the extent the Officers and Directors do not use $1,250,000 – or did not use the relevant cap for prior periods – in any given month, the Officers and Directors may "rollover" or "carry back" any unused amount up to the applicable allocation, *i.e.*, $1,000,000 per month through August 31, 2009, $1,250,000 per month on or after September 1, 2009, to the following or preceding month or months to increase the amount that may be expended in the subsequent or preceding month or months.  The Monthly Cap is subject to change only upon further order of the Bankruptcy Court.  All Parties reserve their right to seek a change, if appropriate, in accordance with the protocol set forth in paragraphs 9 and 11.

3. <u>Fees and Expenses Review Process.</u>  The Officers and Directors shall submit to Judge Tevrizian on a monthly basis the following:

    a. a letter which describes (i) the work done during the month for which payment is sought; (ii) the total amount of payment sought; (iii) the names and seniority of each attorney and other legal professional for which payment is sought; (iv) the number of hours each attorney or other legal professional worked on the matter that month; (v) detail describing any charges pursuant to paragraph 5, 6 and 7 for which the Officers and Directors are seeking payment for that month; and

    b. a detailed time entry invoice.

The Officers and Directors shall provide the letter (set forth in 3.a), without the enclosure (set forth in 3.b), to the Trustee and FDIC simultaneously with submitting it to Judge Tevrizian.  The Trustee and FDIC shall have five (5) business days to express any concerns regarding the request for payment to Judge Tevrizian, provided, however, that if the amount of the bill is $200,000 or more, then the Trustee or the FDIC may request three (3) additional business days to object subject only to such Party's writing Judge Tevrizian's administrative assistant to so advise and contacting the law firm whose bill is affected.  Any discussions between the Trustee and/or FDIC with the affected law firm shall be privileged within the meaning of FRE 408.  Judge Tevrizian will review each letter and accompanying invoice as promptly as practicable to determine whether the attorneys' fees, costs and expenses are reasonable and appropriate.  Judge Tevrizian may have further conversations with any or all counsel, including counsel for the Trustee and the FDIC, in the course of his review.  Upon Judge Tevrizian's approval of any or all of the amount of an invoice, the Officers and Directors may submit it for payment under the Insurance Policies consistent with paragraph 4.

4. <u>Allocation to Appropriate Policies.</u>  All requests for payment of fees, costs and other expenses, including those provided for in paragraphs 3, 5, 6 and 7 shall be allocated to D&O Policies and Fiduciary Policies consistent with the nature of work done and the Officers' and Directors' rights under the Insurance Policies.

5. <u>Costs.</u> Costs normally and usually charged by attorneys to their clients (*e.g.*, out-of-pocket phone, fax, court reporter, transcript charges, computer research, travel and the like) shall not count towards the Funding Amount provided by paragraph 1. Payments of such usual costs shall, however, be subject to the approval process set forth in paragraph 3.

6. <u>Document Database Budget.</u> The Officers and Directors shall have a separate additional allowance under the Insurance Policies for document/database related services (the "Database Budget") provided by third parties unrelated to their counsel. The total Database Budget, including all amounts allowed by the December 2008 Stipulation and Order, the August 2009 Stipulation and Order, and the May 2010 Stipulation and Order is now set at $500,000. The Database Budget shall not count towards the Funding Amount provided by paragraph 1. Requested charges to and payments on account of the Database Budget shall be subject to the approval process set forth in paragraph 3. The Database Budget may be altered, should unanticipated developments occur, but only upon application to and approval by Judge Tevrizian utilizing the procedures set forth in paragraph 3, *i.e.*, Bankruptcy Court approval is not required to alter the Database Budget. All Parties additionally reserve their right to seek a change in the Database Budget, if appropriate, from the Bankruptcy Court in accordance with the protocol set forth in paragraphs 9 and 11.

7. <u>Expert Witness Budget</u>. The Officers and Directors shall have a separate additional allowance for expert witnesses under the Insurance Policies (the "Expert Witness Budget"). The total Expert Witness Budget, including all amounts allowed by the December 2008 Stipulation and Order, the August 2009 Stipulation and Order, and the May 2010 Stipulation and Order is now set at $1,600,000. The Expert Witness Budget shall not count towards the Funding Amount provided by paragraph 1. The Expert Witness Budget may be altered, should unanticipated developments occur, but only upon application to and approval by Judge Tevrizian utilizing the procedures set forth in paragraph 3 *i.e.*, Bankruptcy Court approval is not required to alter the Expert Witness Budget. All Parties additionally reserve their right to seek a change in the Expert Witness Budget, if appropriate, from the Bankruptcy Court in accordance with the protocol set forth in paragraphs 9 and 11.

8. <u>Review Process and Further Mediation Fees and Costs.</u>

   a. The costs of Judge Tevrizian's review as provided in paragraph 3 (which is incorporated into other paragraphs by reference), including as applicable any fees and costs charged by JAMS, shall be paid for by the Officers and Directors, except that if any party objects to such fees and expenses, Judge Tevrizian shall determine the proper allocation of the costs of Judge Tevrizian and JAMS related to that objection. Nothing in this paragraph shall prohibit the Directors and Officers from submitting otherwise reimbursable expenses under the procedures set forth in paragraph 3.

   b. All other fees and costs of Judge Tevrizian's participation herein, including as applicable any fees and costs charged by JAMS relating to any conferences, proceedings, mediations and the like (whether Judge Tevrizian is acting as a decision-maker or as a mediator) contemplated by this Stipulation, shall be borne 50% by the Officers and Directors, 25% by the Trustee, and 25% by the FDIC.

9. <u>Status Conferences.</u> Status conferences/hearings on matters within the scope of this Stipulation may be set before Judge Tevrizian as the Parties and Judge Tevrizian deem appropriate to obviate the necessity of hearings before the Bankruptcy Court. Notwithstanding, any Party may, for cause, seek to schedule a hearing/conference before either Judge Tevrizian or the Bankruptcy Court on shortened notice; provided, however, that no Party shall seek a hearing/conference before the Bankruptcy Court without first seeking a hearing/conference before Judge Tevrizian except for cause.

10. <u>Decisions by Judge Tevrizian.</u> The decisions by Judge Tevrizian, which are provided for in paragraphs 3, 5, 6, 7 and 8, shall have the same finality, and thus shall be subject to the same limited review by the Bankruptcy Court, as an award by an arbitrator in a dispute governed by the Federal Arbitration Act, 9 U.S.C. §§ 101 *et seq.* (the "FAA"). Provided, however, that no party need seek confirmation of any decision, which shall take effect absent the filing of a motion to vacate (which may be premised solely on those grounds specified in the FAA) filed within ten (10) days of any decision.

11. <u>Condition Precedent to Seeking Further Relief.</u>  The Parties reaffirm that before renewing or filing any motion for relief, the Parties shall attempt in good faith to reach further agreements.  The Parties agree that Judge Tevrizian shall act as mediator in connection with such attempts to reach further agreements, with the mediation fees and costs controlled by paragraph 8.b; provided, however, that in the event there is a failure to reach further agreement, such mediation efforts shall be confidential and the Parties shall not be prejudiced either by their failure to reach a negotiated resolution or by this Stipulation.

12. <u>Relief from Stay.</u>  Subject to Bankruptcy Court approval of this Stipulation, the provisions of § 362 of the Bankruptcy Code are modified, to the extent necessary, to permit the Insurers to make the payments from the Insurance Polices as set forth herein and in no event shall the Insurers be subject to any liability under § 362 of the Bankruptcy Code for making such payments.

13. <u>Attorneys' Fees and Costs</u>.  The Parties shall bear their own attorneys' fees and costs with respect to this Stipulation.  Nothing in this paragraph shall prohibit the Directors and Officers from submitting otherwise reimbursable expenses under the procedures set forth in paragraph 3.

14. <u>Non-Admission of Liability</u>.  This Stipulation shall not imply or constitute an admission of liability, fault, or wrongdoing of any kind nor will it imply what the appropriate resolution of any motion for relief from stay to access the Insurance Policies should be or what is, or is not, covered under the Insurance Policies.  The Parties reserve all other rights, including but not limited to asserting that the proceeds of the Insurance Polices are, or are not, property of the Debtor's estate or of the Bank or the Bank's receivership or of IndyMac Federal Bank, FSB, or its receivership.

15. <u>No Reliance</u>.  Each Party represents and warrants that no statements or representations made by another Party, except as specifically recited in this Stipulation, have influenced, induced, or caused it, him, or her to execute this Stipulation; nor were such statements or representations relied upon in entering into this Stipulation.

16. <u>Review with Clients, Authority of Attorneys.</u>  Each signatory hereunder represents and warrants that he or she has read this Stipulation in its entirety, has reviewed it with his or her client(s) and that, in signing this Stipulation, counsel has the full and complete authority to execute this Stipulation and bind his or her client(s) hereto.

17. <u>Governing Law.</u>  This Stipulation shall in all respects be interpreted, enforced, and governed by the internal laws of the State of California, save and except as they may be superseded by federal law, including the Bankruptcy Code.

18. <u>Neutral construction.</u>  The language of this Stipulation shall be construed as a whole according to its fair meaning and shall not be construed strictly for or against any Party.

19. <u>Modification.</u>  This Stipulation may be modified, amended, or supplemented only by a writing signed by all of the Parties hereto and, as necessary, approved by the Bankruptcy Court.

20. <u>Third Party Beneficiaries.</u>  There are no third party beneficiaries of this Stipulation, which is not intended to confer upon any other person, other than the Parties hereto and their counsel, any rights or remedies hereunder.

21. <u>Entire Agreement.</u>  This Stipulation constitutes the entire agreement and understanding among the Parties concerning its subject matter and supersedes all prior negotiations and proposed agreements or understandings, if any, between or among the Parties concerning the subject matter of this Stipulation.

22. <u>Counterparts; Delivery by Facsimile or Email.</u>  This Stipulation may be executed in counterparts, with signatures delivered via facsimile transmission or email.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

IN WITNESS WHEREOF, the undersigned Parties, through their duly authorized counsel, have executed and delivered this Stipulation, as of the date set forth next to their signatures below.

DATED: April 7, 2011                KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: *Matthew Heyn* (signature)
Matthew C. Heyn
*Attorneys for Alfred H. Siegel solely as Chapter 7 Trustee of IndyMac Bancorp, Inc.*

DATED: April 6, 2011                NOSSAMAN LLP

By: */s/ Allan H. Ickowitz*
Allan H. Ickowitz
*Attorneys for Federal Deposit Insurance Corporation*

DATED: April 6, 2011                MUNGER, TOLLES & OLSON LLP

By: */s/ John W. Spiegel*
John W. Spiegel
*Attorneys for Bruce Willison, Gabrielle Greene, Hugh Grant, John Seymour, Louis Caldera, Lydia Kennard, Lyle Gramley, Patrick Haden, Robert Hunt II, Stuart Gabriel, Terrance Hodel, Lynnette Antosh and Raphael Bostic*

DATED: April 6, 2011                FAIRBANK & VINCENT

By: */s/ Robert H. Fairbank*
Robert H. Fairbank
*Attorneys for S. Blair Abernathy*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

129710.1                    11                    APRIL 2011 STIPULATION EXTENDING PRIOR ORDERS RESOLVING ACCESS TO INSURANCE POLICIES

| | |
|---|---|
| DATED: April 7, 2011 | COVINGTON & BURLING LLP |
| | By: */s/ D. Jean Veta* |
| | D. Jean Veta |
| | *Attorneys for Michael W. Perry* |
| DATED: April 7, 2011 | PIETZMAN, WEG & KEMPINSKY LLP |
| | By: */s/ Louis E. Kempinsky* |
| | Louis E. Kempinsky |
| | *Attorneys for Michael W. Perry* |
| DATED: April 7, 2011 | SCHEPER KIM & HARRIS LLP |
| | By: */s/ Jean M. Nelson* |
| | David C. Scheper |
| | Jean M. Nelson |
| | *Attorneys for James Banks* |
| DATED: April 7, 2011__ | EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C. |
| | By: */s/ Eric R. Levine* |
| | Eric R. Levine |
| | *Attorneys for S. Blair Abernathy, Lynnette Antosh, Raphael Bostic, Samir Grover, Simon Heyrick, John D. Olinski, and Victor Woodworth* |
| DATED: April 7, 2011 | PAUL HASTINGS JANOFSKY & WALKER LLP |
| | By: */s/ Kirby D. Behre* |
| | Kirby D. Behre |
| | *Attorneys for Kenneth Shellem and Richard S. Koon, II* |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

| | | |
|---|---|---|
| DATED: April 6, 2011 | | CORBIN, FITZGERALD & ATHEY LLP |

By: */s/ Robert L. Corbin*
Robert L. Corbin
*Attorneys for Ashwin Adarkar, Canise M. Arredondo, James Barbour, Bruce W. Beaumont, Paul D. Bogel, Daris Buckler, Kevin Callan, Todd J. Camp, Brian N. Carter, Arthur Cervantes, Christina Ching, Kevin Cochrane, Cecilia Conde, David DePriest, Anthony T. Ebers, Robert C. Fong, Roobik Galoosian, John Garibay, Marcia Gerg, Samir Grover, Simon Heyrick, Ken Horner, J.K. Huey, Christina Hunt-Fuhr, Timothy Hurley, Patrick A. Hymel, Jill Jacobson, James E. Jones, Jr. Kurt Johnson, Daniel Kammer, Douglas Koerber, James Krcmarek, Richard C. Lieber, Michelle Loke, Pamela K. Marsh, Rayman Mathoda, Susan E. McGovney, Ruthann K. Melbourne, Francisco Nebot, Christopher T. Newkirk, Nicholas Nyland, John D. Olinski, Martin Peretti, Roger Perry, James Pham, Jennifer Pikoos, Geoffrey Scott Ramirez, Anthony Ramsier, William Rothman, Gregory Shamlian, James Shirreffs, Frank M. Sillman, Gregory S. Sosnovich, Ted Tekippe, John Terwilliger, Scott W. Van Dellen, Jules B. Vogel, Aaron Wade, Victor Woodworth, John Cousins, David Hickey, Linda Hitchcock, Peter Luttenberger, and Michelle Minier*

DATED: April 7, 2011                    WILLIAMS & CONNOLLY LLP

By: */s/ Stephen D. Andrews*
Stephen D. Andrews
*Attorneys for Richard Wohl*

DATED: April 7, 2011                    WILLKIE FARR & GALLAGHER LLP

By: */s/ Gregory S. Bruch*
Gregory S. Bruch
*Attorneys for A. Scott Keys*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000